GEORGE A. STEVENS *vs.* JAMES B. STEVENS AND ANOTHER.

The interest of a partner in partnership property may be attached for his private debt; the officer taking the attached goods into his possession and holding them to respond to the judgment.

Partnership goods were attached in such a case and delivered by the officer to a receiptor, the receipt stipulating that " the property should be re-delivered on demand, or in default thereof the sum of $75 be paid, or the amount of the judgment, if less than $75." Held, in a suit on the receipt, that the stipulation as to the amount to be paid was in the nature of an agreed valuation, and that the defendant could not show that, by reason of the indebtedness of the copartnership, the interest attached was of no value.

Also held that the defendant could not show that upon a settlement of the account between the partners, all the assets of the partnership would belong to the other partner.

A sale of all the partnership effects is the only legal mode of settlement of partnership accounts, and until such a sale each partner has a legal interest in the property.

It seems that an officer's return which describes the property attached merely as " all the interest of the defendant in the stock and fixtures in the store in the basement of No. 48 Congress Avenue," is sufficient against a receiptor of the attached property, who by the receipt in express terms admits the attachment.

ASSUMPSIT on a receipt for property attached ; brought by appeal from a justice of the peace to the Court of Common Pleas in New Haven County, and tried, on the general issue, with notice, closed to the court, before *Pardee, J.*

Upon the trial it was proved that on the first day of July, 1872, one Herbert E. Norris and one William J. Skinner were, and for some time had been, equal partners carrying on business on the premises described in the receipt below given. On the first day of July, Norris was at the premises for the last time, having been for some time dissolute in his

habits and inattentive to his business, and had not been seen, so far as appeared, in New Haven since.

Ever since said first day of July, Skinner has treated the partnership as at an end, but no formal dissolution was ever made, and no notice of any dissolution was given to Miles, the attaching creditor, when he called at the premises after the first day of July, and before his attachment, to collect his account, nor to the attaching officer. After the attaching officer had called at the premises, but before he made the attachment, the sign of " Skinner & Norris " was covered by nailing a piece of canvas over it, the sign, however, being occasionally exposed by the action of the wind raising the canvas.

On the 6th day of July, 1872, George A. Stevens, the plaintiff, a deputy sheriff of New Haven County, levied an attachment on Norris's interest in the stock and fixtures upon the premises, upon the suit of John C. Miles against Norris for his individual debt. The property was then in possession of James B. Stevens, one of the defendants, and was not removed ; but the defendants executed a receipt therefor, and thereupon the property was left by the officer with the said James B. Stevens, and with the consent of Skinner has ever since been retained or has been disposed of by him.

The receipt given by the defendants to the officer was as follows :—

" Received at New Haven, this 6th day of July, 1872, of George A. Stevens, deputy sheriff of the county of New Haven, the property described in the annexed schedule, which was attached by said officer as the property of Herbert E. Norris, of said New Haven, on a writ of attachment in favor of John C. Miles, against said Norris, and dated the 5th day of July, 1872, returnable to E. P. Arvine, Esq., justice of the peace for New Haven County, and commanding said officer to attach the goods and estate of said defendant to the value of seventy-five dollars, as by said writ appears ; which said property we hereby, for a valuable consideration, agree and promise, jointly and severally, to re-deliver in good order to said officer, (or to any officer legally authorized to receive

the same,) on demand, or in default thereof to pay the sum of seventy-five dollars, or (if demand be not made before judgment is rendered) the amount of damages and costs which shall be recovered by the plaintiff in said case, if the same shall fall short of said sum; it being understood that we are hereby estopped from denying that the property herein described has been attached by said officer, and that we have received the same from him. Schedule of property attached, viz: All the right, title and interest of the said Herbert E. Norris in and to the stock and fixtures in the store in the basement of No. 48, Congress Avenue.

JAMES B. STEVENS.  [L. S.]<br>R. MATTHEWS.  [L. S.]"

The officer's return upon the writ of attachment described the property attached merely as "all the right, title, and interest of the within named defendant in and to the stock and fixtures in the store in the basement of No. 48, Congress Avenue."

Miles obtained judgment against Norris in the suit for $41.59, and execution thereon was duly delivered to the officer and demand duly made by him thereon; but the defendants refused to deliver the property or to pay the amount of the judgment.

No evidence was offered by the plaintiff as to the actual value of Norris's interest further than that furnished by the receipt and the officer's return which corresponded thereto.

The defendants offered evidence to prove that Norris had put into the business so much less than his proportionate part, and had drawn out so much more than his proportionate part, that, upon a settlement between them, all the assets of the firm, including the property attached, would have belonged to Skinner, and that therefore Norris had no attachable interest, or, if he had, that it had no value. This evidence was objected to by the plaintiff and excluded by the court.

The defendants further offered, for the same purpose, evidence to prove that all the assets of the firm, including the property attached, would be insufficient to pay the debts of the firm. This evidence, on objection, was excluded by the court, it not appearing that any steps had been taken by any

partnership creditor to avail himself of the goods attached, nor that there had been any bankruptcy or insolvency proceedings.

The defendants further claimed that no sufficient proof had been given of the plaintiff's liability to the attaching creditor ; that the burden of proof was on the plaintiff to show that Norris had an attachable interest in the goods, and that without such proof there was no breach of the contract in the receipt ; and . that the description of the property in the receipt and in the officer's return was insufficient; which claims were overruled by the court.

The court found the issue for the plaintiff, and rendered judgment for him to recover $42.13 damages, and costs.

The defendants moved for a new trial for errors in the rulings of the court.

*Newton,* in support of the motion.

1. There is nothing in this receipt or the evidence to show that anything whatever was attached or agreed to be re-delivered. What the receiptors agreed to return, as shown by the schedule of property attached, contained in the receipt, was, all the right, title and interest of Herbert E. Norris in and to · certain goods. This of course could only mean his attachable interest. The attachable interest of a partner in partnership property is what would remain to him after the payment of partnership debts, and a settlement of accounts between himself and the partnership. *Church* v. *Knox,* 2 Conn., 517 ; *Brewster* v. *Hammet,* 4 id., 543 ; *Witter* v. *Richards,* 10 id., 40 ; *Johnson* v. *Sanford,* 13 id., 467 ; *Buddington* v. *Stewart,* 14 id., 410 ; Collyer on Part., § 822, *et seq.* ; Parsons on Part., 353, *et seq.* ; *Pierce* v. *Jackson,* 6 Mass., 243 ; *Fisk* v. *Herrick,* id., 272. The nature and value of this interest may be shown at law where the partnership property is small, and the partnership has been but a short time established. Collyer on Part., § 830. This was done in *Buddington* v. *Stewart,* 14 Conn., 410, the clearest case, on this subject, in our reports. If there be no such interest here, the officer is liable neither to the attaching creditor, nor, the

goods not having been removed, to the owner, and therefore cannot recover. *Dayton* v. *Merritt*, 33 Conn., 186 ; *Clark* v. *Gaylord*, 24 id., 489.

2. Our courts have clearly recognized two kinds of officers' receipts. One, as in the present case, where the receiptor acknowledges that certain goods have been attached and that he has received them, and promises to return them or pay a certain sum, usually the amount for which the officer is commanded to attach, irrespective of the true value of the goods, or the damages and costs if they shall fall short of that sum. This is the simplest form. To this, when it is desired to make a receipt an absolute security for a debt, parties are accustomed to add a further acknowledgment that the goods are the property of the defendant, and are of a certain specified value. In this last case the courts have not permitted the receiptor to dispute the valuation he has himself set on the goods. Such were the receipts in *Jones* v. *Gilbert*, 13 Conn., 511, and *Dayton* v. *Merritt*, 33 id., 185, and (as appears from the opinion) in *Parks* v. *Sheldon*, 36 id., 466. In *Fowler* v. *Bishop*, 31 Conn., 560, is given the substance of a receipt of the first kind. The agreement there is precisely the same with the one under consideration. That receipt the court in *Fowler* v. *Bishop*, 32 Conn., 206, declared in the plainest terms not to contain an agreed valuation, but to be " a security for the actual value of the property," and the sum mentioned to be only a penalty to secure the return of the property or the payment of its value. We had then a right to show the value of this property, and our evidence was admissible for this purpose.

3. The description of the property in the officer's return is insufficient. There is no schedule of it, and no specification of the articles claimed to be attached. They are described in mere general terms, as the " stock and fixtures in the basement of No. 48, Congress Avenue."

*W. B. Stoddard*, contra.

1. The right and title to the property involved the right to have the partner's interest ascertained in the regular legal

manner, by a sale, and decree of court if necessary, and not by doubtful testimony. It further involved the right to the possession of the goods until such a settlement could be had. This right and title Norris had and we attached; and of this, be its value more or less, the receiptors, by their failure to re-deliver the goods, have deprived us, and must pay the full penalty. *Parks* v. *Sheldon*, 36 Conn., 466; Am. Law Register, July, 1872, p. 462. The doctrine claimed by the defendants would prevent all attachment of partnership property for private debts and open a wide door for fraud.

2. The case of *Fowler* v. *Bishop* is not a parallel one. It is a suit by a trustee in insolvency under the statute, in which the receiptor was liable only for the value of goods actually received. Here he is liable whether he ever received any goods or not.

3. The description of the property attached in the receipt and officer's return is sufficient as against these defendants. They are estopped by their receipt from denying the validity of the attachment in all respects. *Thompson* v. *Smiley*, 50 Maine, 67.

SEYMOUR, J. The plaintiff is a deputy sheriff, and as such had in his hands a writ of attachment against one Norris. Upon this writ he attached the interest of Norris in the stock and fixtures in a certain store in No. 48, Congress Avenue, New Haven. The defendants thereupon executed a receipt for the property under their hands and seals, promising " to re-deliver the property on demand, or in default thereof to pay the sum of $75, or (if demand be not made before judgment rendered) the amount of damages and costs which shall be recovered by the plaintiff if the same fall short of $75." The defendants also expressly estop themselves from denying the attachment of the property or its receipt.

Judgment was recovered against Norris for $41.59 and due demand made with the execution on the defendants for the property receipted, which they refused to deliver. The plaintiff thereupon brings this action on the receipt.

It appears from the statement of the case that the property

attached belonged to the copartnership of Skinner & Norris, which partnership had not been dissolved, but Norris had absconded some six days before the attachment. The property by Skinner's consent was in the possession of James B. Stevens, one of the defendants, and by the like consent is retained or has been disposed of by him.

The questions in the case arise upon the point whether certain evidence offered by the defendants was properly excluded. They offered to prove that Norris had put into the business so much less than his proportionate part, and had drawn out so much more than his proportionate part, that upon a settlement between the partners all the assets of the firm, including the property attached, would have belonged to Skinner, and that therefore Norris had no attachable interest, or if he had it had no value.

This evidence was excluded by the court. Evidence was also excluded that all the assets of the firm, including the property attached, would be insufficient to pay the debts of the firm.

It was not claimed however that any steps had been taken on the part of any partnership creditor to avail himself of the goods attached, nor that there had been any proceedings in bankruptcy or insolvency.

Judgment having been rendered for the plaintiff, the defendants ask for a new trial on account of the exclusion of the evidence offered by them as above stated.

The argument is, that by the law of Connecticut the defendants may show in their defense that the property attached did not belong to the debtor, and did belong to the defendants themselves, or to Skinner the partner by whose authority the defendants detain the goods. The defect in this argument is, that the proposed evidence does not disprove Norris's title. That title indeed was of a partner in partnership property, but such a title is attachable in a suit against an individual partner. It being settled law that the sheriff may lawfully seize the partnership goods and keep them to respond to the suit, it follows as a necessary consequence that the sheriff is entitled to call on the receiptor

for the property when wanted on the execution. The goods in dispute were copartnership property when attached, and continued to be such when demanded, and it was the plain duty of the defendants to re-deliver them to the sheriff. The facts sought to be proved by the defendants would indeed, if true, indicate that Norris's interest in the goods was of slight value, but the partnership accounts were unsettled, and the only legal mode of settlement is by the sale of all the partnership effects, and until sold each partner has a legal interest in those effects subject to legal process, liable to be taken and sold on execution.

We think it clear, therefore, that the facts sought to be proved by the defendants constitute no defense to the suit. The defendants have broken their contract, and, by the terms of the receipt, upon failure to return the property on demand they are to pay the amount of the execution. Were it not for this special clause it would be open for the defendants to show the value of Norris's interest in the goods, but the defendants have agreed upon a rule of damages for non-delivery, and there appears no reason why they should not be bound by that agreement. There are cases where such a special clause may be proper, and we do not feel at liberty to say that such an arrangement is *per se* void and incapable of being enforced.

The plaintiff's counsel argued that officers' receipts are mere contracts of indemnity, and that if the officer were sued by the creditor for not having the property attached forthcoming to respond to the execution, the rule of damages would be the true value of the interest of Norris in the goods. It is conceded that such receipts are regarded for many purposes as contracts of indemnity, but not to the extent of nullifying a stipulation of agreed value of the property. The covenant in this case to pay a stipulated sum not exceeding the amount of the judgment which the plaintiff in the attaching process may recover, is in the nature of an agreed valuation, and in regard to the effect of such a clause we cannot express our view of the law better than in the language of Judge SHERMAN, in *Jones* v. *Gilbert*, 13 Conn. R., 531:

" The valuation given in a receipt for property attached has ever been justly considered as conclusive upon the parties. So far as the security of the debt is its object it is intended as a stipulation. Even receipts for property which had no existence have been deemed an estoppel in relation to the rights of the creditor. The officer becomes responsible to the creditor for the amount thus stipulated if there is no subsequent depreciation. These agreements are voluntary and lawful. To nullify them would divest the parties of the important liberty of making arrangements for their mutual benefit at a crisis deeply interesting to both."

We advise no new trial.

In this opinion the other judges concurred; except PARK and FOSTER, Js., who did not sit.