GEORGE H. MEEKER AND ANOTHER *vs.* ELI THOMPSON.

In a suit by partners upon a partnership claim, the defendant can not set off a claim against one of the partners individually.

ASSUMPSIT by the plaintiffs as late partners under the name of Meeker & Shelton, for the recovery of a partnership claim; brought to the Court of Common Pleas of Fairfield County. The defendant pleaded the general issue, with notice of a set-off of a claim held by him against Meeker individually. The court (*De Forest, J.,*) sustained the claim of set-off, and rendered judgment in favor of Shelton for half the partnership claim and in favor of the defendant against Meeker for the amount due him from Meeker less one-half the partnership debt. Both the plaintiffs and defendant moved for a new trial. The case is fully stated in the opinion.

*M. W. Seymour,* for the plaintiffs.

*D. Morris*, for the defendant.

LOOMIS, J.　The question in this case is one of set-off, and arises out of the following facts found by the court:—The plaintiffs for several years prior to March, 1873, were equal partners in business, and as such furnished goods and performed services for the defendant to the amount of $202.86. In March, 1873, the partnership was dissolved, and in the settlement of the partnership accounts between the partners, all the book accounts of the firm, including that against the defendant, were assigned to Henry T. Shelton, one of the partners, and on such settlement George H. Meeker, the other of the partners, was left indebted to Shelton in a considerable sum.

Prior to the dissolution of the partnership and during its continuance, the defendant sold and delivered to Meeker, on his individual account, goods of the value of four hundred and thirty dollars and ninety-nine cents, which goods were in no respect used for the benefit of the firm, but only for the individual benefit of Meeker; nor does it appear that Shelton knew of Meeker's account with the defendant until after the dissolution of the partnership.

Upon these facts, can the individual debt which Meeker alone owes the defendant be set off against the partnership debt which the defendant owes the late firm of Meeker & Shelton?

If we answer this question affirmatively the result must be, in effect, to take partnership funds away from partnership creditors in order to pay the private debt of one partner, and also to compel one partner indirectly to pay the individual debt of his co-partner.　Such a result is flagrantly unjust, and contrary to that natural equity which makes mutual cross debts compensate each other, upon which the doctrine of set-off is founded.

Set-off in actions at law is regulated wholly by statute.

The first act on this subject in this state was passed in 1820.　Since that time other statutes have been passed, from time to time, whereby the scope and application of set-off has

been greatly enlarged; but in no instance, prior to the revision of 1875, has any attempt been made to construe any act on this subject in a way to accomplish injustice.

The statute of 1820 allowed a set-off only where the debts were mutual, the parties identical, and the plaintiff a non-resident of the state or insolvent. And so the law remained till 1843, when it was so modified that if the debts were mutual, the plaintiff non-resident or insolvent, and there were two or more defendants, any one of the defendants might set off a debt he had against the plaintiff. The operation of this provision was simply to make the plaintiff pay a debt he justly owed, and if one of the defendants chose to apply his sole debt in discharge of the claim against himself and the other defendants, the latter could not object, and no wrong was done to the plaintiff. Under this law the case of *Atkins* v. *Churchill and another*, 19 Conn., 394, was decided. Atkins brought an action of book debt against Churchill & Seymour, and the defendants pleaded a set-off of a debt due by judgment in favor of Churchill and wife against Atkins and another. It was held that the statute of 1843 would not allow such a set-off.

In 1848 the legislature extended the benefit of the statute to cases where the plaintiff resided in the state and was solvent; but no change was made in regard to the character of the debts or the parties. The statute remained substantially the same till the year 1866, when the legislature enacted "that the defendant in all actions brought for the recovery of a debt may set off against such debt any debt he may have against the plaintiff and another or others."

The effect of this last change in the law was to remedy a defect in the previous laws, as disclosed by the decision in *Atkins* v. *Churchill*, and the more recent case of *Snyder* v. *Spurr*, 33 Conn., 407, to the same effect, decided in the year 1866, just previous to the session of the legislature.

The statute of 1866, in allowing an offset to a defendant of a debt which the plaintiff and a stranger owed the defendant, was strictly just. The principle is fully vindicated in the opinion of BUTLER, C. J., in *Spurr* v. *Snyder*, 35 Conn., 172,

where a court of equity allowed a set-off in the same case where it had been refused at law as above mentioned, on the ground that the debt which was due the defendant from the plaintiff and others was as fully and justly due from the plaintiff as if it was the plaintiff's sole debt, and the defendant had a right to collect it from the plaintiff alone.

The present suit was commenced in 1874, while the law remained as it was passed in 1866; but before the trial was had the Revised Statutes of 1875 had taken effect, and the phraseology of the statute was made to read as follows:—" In all actions brought for the recovery of a debt, if there shall be mutual debts between the plaintiff or plaintiffs or either of them, and the defendant or defendants or either of them, one debt may be set off against the other."  Gen. Statutes of 1875, p. 424, sec. 13.

It becomes our duty to construe the language of this act and apply it to the facts of the present case.

The language of the act in regard to parties would seem broad enough to allow a set-off in this case, if there was no other objection.  But one necessary element found in every statute heretofore passed is still retained; the debt to be set off and the debt in suit must be mutual.

The changes in respect to the parties made from time to time in the statutes to which we have adverted, must have the effect somewhat to limit the scope of the word "mutual;" but as this word retains a prominent place in the present statute, it must still have force, and be allowed its appropriate meaning.

The word necessarily imports that there must be reciprocal obligations between the parties to be affected by the set-off in order that the cross debts may justly compensate each other.

We proceed then to consider the question whether the debt attempted to be set off, and the debt sued for in this case, are mutual debts within the meaning of the statute?

We think not, for the following reasons:

The debt sued for is one of the partnership assets upon which the partnership creditors have a prior claim, to the exclusion of the creditors of one member of the firm.

And it requires no argument to show that if the defendant is allowed to offset his debt against Meeker, the partnership fund belonging to the creditors of the firm will be reduced by an equal amount, and so the familiar elementary rule of law would be reversed, and the private creditors of the individual partners would have the prior claim to the partnership assets, whenever suit is brought against them for a partnership debt.

Again, suppose it appeared in this case, (as it does not,) that no partnership creditors exist, the want of mutuality would still exist in consequence of the application of another principle, to wit: that partnership assets must first be applied to liquidate the indebtedness as between the partners themselves, relative to the partnership, before any creditor of an individual partner can in any way appropriate the partnership fund to his individual debt.

Suppose the defendant had sued Meeker and had attached some debt due the co-partnership, how much could he obtain? Only so much as would be left for Meeker, after paying all the partnership creditors, and all that was due Shelton.

In this case the finding expressly shows that Meeker had in fact no right, title or interest whatever in the debt sued; for it appears that upon settlement between the partners, after the firm was dissolved, all the accounts of the firm, including the debt in suit, had been assigned to Shelton, and that Meeker was left still indebted to Shelton in a considerable sum.

The court below, perceiving the injustice of applying a set-off in the ordinary way, (which would have extinguished the entire partnership debt, as the defendant's claim against Meeker was the larger claim,) rendered judgment in favor of Shelton to recover one-half the partnership debt, and in favor of the defendant to recover of Meeker the amount due from him to the defendant less one-half the partnership debt; and although this lessened the injustice to Shelton in amount, it retained it in kind, and the court in so doing also adopted a form of judgment not authorized by law in such a case as this.

The court was doubtless misled by an erroneous construction given to an act found in the session laws of 1875, chap-

ter 55, page 31, which provides that "in all suits where a cause of action shall be sustained in favor of or against only a part of the parties thereto, judgment may be rendered in favor of or against such parties only."

The cause of action in this case was, or should have been, sustained in favor of and against all the parties just as it was brought, and the court should have held that the defendant was entitled to no offset whatever, and should have rendered judgment in favor of the plaintiffs, for the full amount of the partnership debt.

A new trial is advised.

In this opinion the other judges concurred.