481 So.2d 1002 (1986)
ATLANTIC MOBILE HOMES, INC., Florida Atlantic Associates, and Florida Atlantic Associates, Number Two, Petitioners,
v.
Robert C. LeFEVER, George J. Krause, and Joe C. Clark, Respondents.
No. 85-1260.
District Court of Appeal of Florida, Fourth District.
January 29, 1986.
Clarification Denied February 11, 1986.
Wayne R. McDonough of Saliba & McDonough, Vero Beach, for petitioners.
Louis B. Vocelle, Jr. of Moss, Henderson & Lloyd, P.A., Vero Beach, for respondents.
PER CURIAM.
At issue in this petition for a writ of certiorari is whether the judgment creditors of an insolvent corporate partner can attach and liquidate its interest in partnership property. The trial court ruled that the corporation's interest in partnership assets could be liquidated pursuant to section 607.274, Florida Statutes (1985). We conclude that the trial court's order constitutes a departure from the essential requirements of the law. Therefore, we grant certiorari and quash the final judgment.
The respondents, LeFever, Krause, and Clark, obtained money judgments against Florida Mobile Home Communities, Inc. (FMHC). One of the petitioners, Atlantic Mobile Homes, Inc. is a co-partner of FMHC in a New York partnership. That partnership owns Florida Atlantic Associates and Florida Atlantic Associates Number 2, also petitioners before this court. Petitioners were not parties to the action against FMHC, nor was the partnership itself made a party. Nonetheless, the trial court fashioned an order giving petitioners thirty days in which to pay off FMHC's debt to respondents. After thirty days, if the debt remained unsatisfied, the order authorized respondents to petition the court for liquidation of FMHC's assets, including FMHC's interest in the partnership itself.
The trial court based its authority to fashion the order on section 607.274, Florida Statutes (1985). Petitioners contend that because they were never served in the action below, and since respondents never sued the partnership directly, the trial *1003 court erred in ruling that some of the partnership assets could be liquidated. We agree.
Although section 607.274 authorizes a court to liquidate an insolvent corporate debtor, that authority does not extend to the liquidation of the assets of a partnership. A partner's interest in partnership assets is personal property which was subject to attachment and levy under the common law, see Myrick v. Second National Bank, 335 So.2d 343 (Fla. 2d DCA 1976); however, Florida has adopted the Uniform Partnership Act (UPA), section 620.68(2)(c), Florida Statutes (1985), which prohibits the attachment and liquidation of a partner's interest in a partnership unless the partnership is also a party to the action.
In order to proceed against a debtor/partner, a creditor must obtain a charging order pursuant to section 620.695, Florida Statutes (1985). Even then, the creditor cannot reach partnership assets but can only reach the debtor's share of profits from the partnership. Myrick v. Second National Bank, supra. Thus, the statutory charging order is the only means by which a judgment creditor can reach the debtor's partnership interest. Krauth v. First Continental Dev-Con, Inc., 351 So.2d 1106 (Fla. 4th DCA 1977). Other states which have construed their statutory enactments of the UPA have reached the same result. See, e.g., Schultz v. Ziegenfuss, 105 N.J. Super. 468, 253 A.2d 180 (1969).
In the present case, respondents did not seek a charging order against FMHC, nor did they make the partnership a party to the action. Rather, they proceeded against FMHC individually. Under section 620.68(2)(c) and section 620.695, a creditor proceeding against a partner individually cannot reach partnership assets. Consequently, we quash the trial court's order permitting the respondents to attach and liquidate FMHC's interest in the partnership. The partnership agreements, however, indicate that FMHC's liabilities have been assumed by petitioners. Therefore, this court's ruling is without prejudice to the respondents' right to sue the partnership itself.
ANSTEAD, GLICKSTEIN and HURLEY, JJ., concur.