[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Peter and Rosanne Billias have applied to the court for a prejudgment remedy allowing them to attach real property held in the name of High Ridge Realty Partnership. The defendant Gull Development Corp. is a general partner of High Ridge Realty Partnership. The property sought to be attached is owned by said partnership.
Defendant moves to dismiss by citing Connecticut General Statutes Section 34-63 (2)(c) which declares that a partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. The plaintiff asserts that Connecticut General Statutes Section 52-299
provides the defendant with mechanisms whereby it may separate the partnership interest from the property interest and suggests that the motion to dismiss is inappropriate.
Connecticut General Statutes Section 34-63 (1)(c) states "[a] partner's right in specific property is not subject to attachment or execution, except on a claim against the partnership. " Id. See, Telaflora, Inc. v. Whan, 3 CSCR 688 (July 22, 1988), Leuba, J). "The purpose of [this] provision is to prevent disruption of partnership affairs by the creditor of an individual partner." Willamette Production Credit Assoc. v. Morley, 433 P.2d 239, 244
(Or. 1967).
Rather, Section 34-66 provides that "[o]n due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon." CT Page 1312 Connecticut General Statutes Section 34-66 (rev'd to 1989). "[T]he statutory charging order is the only means by which a judgment creditor can reach the debtor's partnership interest." Atlantic Mobile Homes, Inc. v. LeFever, 481 So.2d 1002, 1003 (Fla.App. 4 Dist. 1986).
The plaintiffs urge the court, in consideration of Section 34-63, and related statutes within the Uniform Partnership Act, to consider the effect of Connecticut General Statutes Section 52-299
(rev'd to 1989). That provision states;
 When any action is brought to or is pending in the superior court, in which partnership property, or any interest therein, is attached to secure a claim against an individual partner only, any party to the action, or any member or members of such partnership, may file a complaint in the nature of a bill in equity in such court, which may, from time to time, make such order in the premises, either by granting an injunction, appointing a receiver, directing as to the disposition of the partnership property, the collection of the partnership debts and the application of the partnership funds, or otherwise, as to equity appertains. Id. (emphasis added).
Plaintiff argues that Section 52-299 "clearly implies that any partnership property or any interest therein may be subject to attachment" and it also provides the defendant Gull Development Corp., as a partner of High Ridge Realty Partnership, the proper mechanism for separating the property interest from the partnership interest.
Plaintiffs' argument, to the extent that it runs counter to the express provisions of the Uniform Partnership Act, is unconvincing. In Hannon v. O'Dell, 71 Conn. 698 (1899), it was stated that the act upon which Section 52-299 was based "in substance gives to that court [where the attachment suit is pending] upon such complaint power to make such orders in the [property] `as to equity shall pertain.'" Id. at 706.
Section 52-299 does not affect the requirement that plaintiff seek a charging order against Gull Development Corp. in accordance with Connecticut General Statutes Section 34-66 (rev'd to 1989) in order to reach Gull's partnership interest in High Ridge Realty Partnership. Accordingly, the defendant's motion to dismiss plaintiffs' application for a prejudgment remedy is granted. CT Page 1313
BYRNE, J.