[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR P.J.R. ON PARTNERSHIP ASSETS ON ACCOUNT ON NON-PARTNERSHIP DEBT OF AN INDIVIDUAL PARTNER
The present action involves a plaintiff's motion for prejudgment remedy seeking an attachment of partnership property CT Page 5206 for a non-partnership debt of an individual partner. The following facts are based on allegations within the pleadings. On June 11, 1991, the plaintiff, Herbert T. Clark, III, filed the present action against the defendant, Dennis Walker, d/b/a Walker Associates. In his one count complaint, the plaintiff, lessor, alleges that the defendant, lessee, breached his extended lease agreement with the plaintiff in that the defendant failed to make certain rental payments for the lease of commercial property known as 40 Main Street, Unit 20, located in Centerbrook, Connecticut.[1]
On July 31, 1991, the defendant filed his answer and a counterclaim. In the defendant's counterclaim, he alleges that he "was charged for utilities and other services [in the amount of $13,000.00] which were not being used by the [d]efendant but were being used and consumed by other tenants of the [p]laintiff."
On December 24, 1991, the plaintiff filed his answer and two special defenses to the defendant's counterclaim. In both special defenses, the plaintiff alleges that the defendant was reimbursed by the plaintiff for the excess utilities paid.
On March 24, 1993, the plaintiff filed his motion for prejudgment remedy. The plaintiff seeks to attach, in the amount of $11,000.00, real property located in Essex, Connecticut (hereinafter "subject property"), owned by the Founders Group (hereinafter "partnership"), of which the defendant is a partner.
In a memorandum dated April 2, 1993, the defendant opposed the plaintiff's application for prejudgment remedy arguing that General Statutes Sec. 34-63(2)(c) prohibits the attachment of partnership property for a debt which is not a partnership debt.
General Statutes Sec. 52-278a(d) defines a prejudgment remedy as:
 [A]ny remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment CT Page 5207 by such defendant of, his property prior to final judgment but shall not include a temporary restraining order.
Fermont Division v. Smith, 178 Conn. 393, 398, 423 A.2d 80
(1979). "Prejudgment remedies are available `to a person in any action at law or equity. . . .'" England v. England,184 Conn. 85, 89, 440 A.2d 790 (1981), quoting General Statutes Sec. 52-278b.
The present issue before the court is whether the plaintiff can attach partnership property for a non-partnership debt against an individual partner.
In the present action, the plaintiff argues that General Statutes Sec. 52-299 provides authority for the attachment of partnership property for a non-partnership debt owed by an individual partner.
General Statutes Sec. 52-299 provides that:
 When any action is brought to or is pending in the superior court, in which partnership property, or any interest therein, is attached to secure a claim against an individual partner only, any party only, any party to the action, or any member or members of such partnership, may file a complaint in the nature of a bill in equity in such court, which may, from time to time, make such order in the premises, either by granting an injunction, appointing a receiver, directing as to the disposition of the partnership property, the collection of the partnership debts and the application of the partnership funds, or otherwise, as to equity appertains.
In addition to the statutory authority of General Statutes Sec. 52-299, the plaintiff relies on the Connecticut Supreme Court decision of Hannon v. O'Dell, 71 Conn. 698,43 A. 147 (1899), in support of the proposition that an individual creditor may attach partnership property. As stated by the court in Hannon, "[t]he interest of a copartner CT Page 5208 in the tangible partnership property may, under our law, be attached by his individual creditor. . . . Stevens v. Stevens,39 Conn. 474." Id., 705.
On the other hand, the defendant, to the present action, argues that General Statutes Sec. 34-63(2)(c), adopted from the Uniform Partnership Act, in 1961, by enactment of the Connecticut State Legislature, expressly prohibits attachment of partnership property for a debt not of the partnership.
General Statutes Sec. 34-63(2)(c) provides in part that "[a] partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. " Also, in support, the defendant relies upon the Superior Court decision of Doski v. Lyon Billard Corp., 8 Conn. L. Rptr. 264 (January 22, 1993, Fuller, J.). In the Doski decision, Judge Fuller stated that "[i]f the property was in the name of the partnership on the land records, it would not be subject to attachment or a judgment lien since partnership realty is considered personalty with respect to an individual partner's rights in it." Id., citing Wheeler v. Polasek, 21 Conn. App. 32, 34,571 A.2d 129 (1990).
In the present action the partnership is the record owner of the subject property. The defendant's argument that attachment of partnership property for a non-partnership debt is prohibited by General Statutes Sec. 34-63(2)(c) is well supported by two recent Superior Court decisions, Galian v. Lehn, 2 Conn. L. Rptr. 752 (November 15, 1990, Spear, J.) and Billias v. Gull Development, 2 Conn. L. Rptr. 194 (August 7, 1990, Byrne, J.).
In the Gallin decision, Judge Spear stated that:
 The court is not convinced that [General Statutes Sec. 34-63(2)(c) and General Statutes Secs. 52-299 and 52-300] are in conflict. Connecticut General Statutes Secs. 52-299 and 52-300 do not authorize attachments. They provide procedures for relief when such an attachment is actually made. Prior to the enactment of the prejudgment remedy statutes in 1973, attorneys could direct an attachment by a sheriff CT Page 5209 without prior court approval. The statutes relied on by the plaintiff were obviously designed to give the court power to protect the interest of the other parties as well as the creditor when such an attachment was made.
 The predecessors to Connecticut General Statutes Secs. 52-299 and 52-300 go back to 1875 or earlier. . . .The statute prohibiting attachment of a partner's interest for a non-partnership debt was enacted in 1961. Even if the statutes were considered to be in conflict, under recognized rules of statutory construction, the later statute prohibiting attachment (Connecticut General Statutes Sec. 34-63) would prevail. 73 Am.Jur.2d, Statutes, Sec. 255. Plaintiff's argument that because Sec. 52-299 was amended in 1976 it becomes the "later" statute is not persuasive. The 1976 amendment simply reflected the elimination of the Court of Common Pleas and the transfer of all trial jurisdiction to the Superior Court as of July 1, 1978.
(Footnotes omitted.) Galian v. Lehn, 2 Conn. L. Rptr. 752, 753 (November 15, 1990, Spear, J.).
In the Billias decision, Judge Byrne stated that:
 "The purpose of [General Statutes Sec. 34-63(2)(c)] is to prevent disruption of partnership affairs by the creditor of an individual partner." Willamette Production Credit Assoc. v. Morley, 433 P.2d 239, 344 (Or. 1967).
 Rather, Section 34-66 provides that "[o]n due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such CT Page 5210 judgment debt with interest thereon." Connecticut General Statutes Section 34-66 (rev'd to 1989). "[T]he statutory charging order is the only means by which a judgment creditor can reach the debtor's partnership interest." Atlantic Mobile Homes, Inc. v. LeFever, 481 So.2d 1002, 1003 (Fla.App. 4 Dist 1986).
 . . .Plaintiff argues that Section 52-299
"clearly implies that any partnership property or any interest therein may be subject to attachment" and it also provides. . . the proper mechanism for separating the property interest from the partnership interest.
 Plaintiff's argument, to the extent that it runs counter to the express provisions of the Uniform Partnership Act, is unconvincing. In Hannon v. O'Dell, 71 Conn. 698
(1899), it was stated that the act upon which Section 52-299 was based "in substance gives to the court [where the attachment suit is pending] upon such complaint power to make such orders in the [property] `as to equity shall pertain.'" Id. at 706.
 Section 52-299 does not affect the requirement that plaintiff seek a charging order. . . in accordance with Connecticut General Statutes Sec. 34-66 in order to reach [the defendant's] partnership interest. . . .
Billias v. Gull Development, 2 Conn. L. Rptr. 194, 195 (August 7, 1990, Byrne, J.).
Accordingly, the court denies plaintiff's motion for prejudgment remedy.
HIGGINS, J.