[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION ON DENIAL OF PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff seeks a prejudgment remedy to attach the "legal, equitable or beneficial interest of the defendant, Attorney Daniel Blume, in the law partnership of Blume, Elbaum and Collins." The action against Daniel Blume arises out of an alleged guarantee of a promissory note of "Blume and Elbaum" which guarantee contract was given to the plaintiff's predecessor United Bank Trust Company, claiming default of the guarantee agreement. The second and third counts against Daniel Blume are based upon notes allegedly given by Daniel Blume payable to the plaintiff.
The partnership "Blume and Elbaum," the maker of the note to which the guarantee pertains, is not being sued in this action. See sheriff's return of service May 27, 1993 and Connecticut General Statutes 2-57(d). The action is solely against Daniel Blume.
The plaintiff relies upon two Connecticut Supreme Court cases to support its contention that the defendant's partnership interest is subject to attachment. Remington v. Cody, 10 Conn. 44 and Stevens v. Stevens, 39 Conn. 474. Each of these cases deals with the attachment of the physical property of the partnership. The court, in both cases, determined that the physical property of the partnership may be attached.
The common law rule has been changed by statute. CT Page 8490 Connecticut General Statutes 34-63(c) provides "A partner's right in specific partnership property is not subject to attachment or execution, except in a claim against the partnership." The within action is not a claim against the partnership. The plaintiff, by statute, cannot attach the specific property of the partnership.
The plaintiff seeks to garnishee the "property of the defendant and/or is indebted to him." This request is totally ineffectual. First, Connecticut General Statutes 34-65, although allowing for a conveyance by a partner of the partnership interest does not entitle the assignee "to interfere in the management or administration of the partnership business or affairs, or to require any information on account of partnership transactions, or to inspect the partnership books; but it merely entitled the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled."
The limitations upon the rights of a voluntary assignee, under the statute, are in stark contrast to the rights of a garnishor. A garnishor, as provided in Connecticut General Statutes 52-330, has the right to cite into court the garnishee to disclose precisely the information which is specifically prohibited from compulsory disclosure to a voluntary assignee. See Connecticut General Statutes52-334, 52-333.
The plaintiff, at oral argument, contends that it seeks to garnish any amounts due to the defendant, whether for wages or otherwise, which would be coming to the defendant. This is precisely what Connecticut General Statutes 34-65 is designed to prevent from happening. See also Connecticut General Statutes 52-329 which specifically exempts earnings, as defined in Connecticut General Statutes 52-350a(5) from process of foreign attachment. When it is understood that the compensation paid to a member of a personal service corporation is his compensation , for services rendered it becomes clear that the attachment of his draw or distribution is the payment of earnings, which are exempt from foreign attachment.
A creditor is not without recourse. Connecticut General Statutes 34-66 allows a judgment creditor to in effect execute upon the interest of the partner, to appoint a CT Page 8491 receiver and to take all other legal means to execute upon the judgment. No such prejudgment prerogative is given to an alleged debtor. Had the legislature, in adopting the Uniform Partnership Act, Chapter 611 of the Connecticut General Statutes deemed it appropriate to allow a prejudgment attachment of the partnership interest, which has not been specifically allowed by the Common Law, it would have done so. Rather, the legislature chose to allow only post-judgment execution on partnership interests, and the attendant destruction of the partnership by judicial decree, per Connecticut General Statutes 34-70(2). See, also Galian v. Lehn, Superior Court, Bridgeport, CV90 0270306S, with which this decision concurs.
The defendant, in defending against the application for prejudgment remedy, points out to the court that an intrusion into the files of the law partnership by the plaintiff or by a receiver in furtherance of a prejudgment garnishment invariably involves an intrusion into the confidential relationship between attorney and his clients. Rule 1.6 of the Rules of Professional Conduct, as well as the Common Law Attorney-Client Privilege zealously protects that relationship. Such protection is for the benefit of the public. "Whether another provision of law supersedes Rule 1.6 is a matter of interpretation but a presumption should exist against such a suspension." See footnote, page 14, Connecticut Practice Book. Although not necessary to this decision, as aforesaid, the court expresses grave concern about any such intrusion into the confidential relationship as set forth in Rule 1.6. As pointed out in the defendant's brief further concern is expressed relating to Rule 5.4(a) and 5.4(b) of the Rules of Professional Conduct.
In determining this application, the court does not take a position on the possible applicability of a temporary injunction to prohibit the transfer or conveyance of a partnership interest pending the determination of the action. Such noninvasive remedy was not sought by the plaintiff and is not before the court.
The court, as agreed to by the parties, allowed the attachment of Daniel Blume in two limited partnerships, Kingswood West Associates, Ltd. and Robin Road Associates Ltd. Partnership. The rights of a limited partner are nonparticipatory (Connecticut General Statutes 34-15a), and are CT Page 8492 primarily for the sharing of profits and losses as nonparticipating investors (Connecticut General Statutes34-20a, 34-20b, 34-20c). That relationship, created by statute, is more akin to stock in a corporation, with an accompanying certificate of ownership (Connecticut General Statutes 34-104d), and bears little relationship to a common law general partnership. The court can see no reason why the court would not allow that attachment to lie as agreed to by the parties.
For the reasons set forth herein, the application for prejudgment remedy as to the general partnership Blume, Elbaum and Collins was decided by the court on August 13, 1993.
Schatz Schatz, Ribicoff Kotkin for plaintiff.
Martin W. Hoffman for defendant.