Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filled in the superior court of chancery, to set aside a judgment rendered in the circuit court of Plinds, or to obtain a perpetual injunction. The ground for the prayer is, that there was no legal service of process; that the writ was returned indorsed, “executed by leaving a copy;” that all except the word executed had been erased by one of the counsel of the plaintiffs; that the defendant really had no residence in the county of Hinds, in which the process purports to have been executed; that he had never been served with process, nor had any notice of the suit, until long after the rendition of the judgment. The bill alleges that the judgment is unjust, and prays for relief.
*207 There were other defendants to the suit at law, besides the present complainant. The answer does not deny the allegations of the bill, and the proof shows them to be correct. The answer, however, insists, that a writ of error had been sued out by all the defendants at law, including the present complainant, which had been prosecuted in the high court, and that the judgment was there affirmed.
It seems to be conceded by the argument for the appellants, that the original judgment cannot be sustained. It was in truth a nullity, as to the complainant. Does the affirmance in this court make any difference in the result. We think not. It has already been decided, by this court, that the affirmance of a void judgment, upon grounds not touching, but overlooking its invalidity, does not make it valid. Pender v. Felts, 2 S. & M. 540.
It does not appear that .the want of service of process could have been shown by the record. There had been a fraudulent alteration of the return, by the attorney of the plaintiffs, and it would be of the most dangerous consequence, if such an act were permitted to stand, unless by the express consent of the party to be affected by it. Any other rule would destroy all confidence in judicial proceedings.
The order of the chancellor, directing a new trial in the circuit court, and setting aside the judgment as to the complainant, with leave to him to plead, is correct, and is hereby affirmed.
Decree affirmed.