## WHITMAN WALBRIDGE *vs.* WILLIAM A. SHAW.

If an action of replevin is dismissed for informality in the replevin bond, and judgment given for the defendant for a return, and the plaintiff returns the property to the place from whence he first took it, he may afterwards bring another action of replevin, for the same property, against the same defendant, although the defendant has not taken out a writ of return, nor actually received the property under the judgment in the first action.

THIS was an action of replevin for a yoke of oxen and a pair of cart-wheels, commenced on the 20th of June, 1849, and tried in the court of common pleas, before *Mellen,* J.

The defendant was a constable of the town of Wales, and took the property described in the writ on the 7th of May, 1849, upon an execution issued upon a judgment recovered against Ames Walbridge. Soon after the taking, the plaintiff brought an action of replevin against the defendant, upon which the property was redelivered to the plaintiff by the officer serving the writ. The action was entered in court at the June term, 1849, and was dismissed, on motion of the defendant, for defect and informality in the bond; and judgment rendered for the defendant, for a return of the property and for costs. In October, 1849, the defendant took out an execution against the plaintiff for costs, but never took out a writ of return. .There was evidence of a return of the property by the plaintiff, to the place from which he had taken it by the first writ of replevin; and there was conflicting testimony, as to whether the defendant had in any way intermeddled with it after this return, or whether he had refused to receive it.

The judge instructed the jury, that the plaintiff might well maintain this action for the original taking, whether he had returned the property into the possession of the defendant or not; or whether the defendant, upon such a return, had intermeddled with it or not; or even if he had refused to receive it. Under this ruling, the jury returned a verdict for the plaintiff; and the defendant excepted.

*H. Morris,* for the defendant. The defendant is not liable to this action, because, at the time of its commencement, he

had neither actual nor constructive possession of the property replevied, but the plaintiff himself had both.  *Lathrop* v. *Cook*, 2 Shepl. 414; *Small* v. *Hutchins*, 1 Appl. 255; *Sawyer* v. *Huff*, 12 Shepl. 464; *Whitwell* v. *Wells*, 24 Pick. 25, 28; *Learned* v. *Bryant*, 13 Mass. 224; *Denny* v. *Willard*, 11 Pick. 526; *Fisher* v. *Bartlett*, 8 Greenl. 122; *Bursley* v. *Hamilton*, 15 Pick. 43.

*R. A. Chapman*, for the plaintiff.  This action lies for the original unlawful taking.  Rev. Sts. *c.* 113, § 27.  It is not barred by the first action, nor by any proceedings therein, as that was not decided on the merits.  *Wilbur* v. *Gilmore*, 21 Pick. 250. If this action does not lie, the plaintiff will lose his property without remedy, as the defendant's judgment for a return is in force against him.

DEWEY, J.  The plaintiff may well maintain this action upon the original unlawful taking by the defendant.  It is no valid objection, that the plaintiff had instituted a previous action of replevin for the same goods, for the facts show that the case was dismissed on motion of the defendant for an informality in the same, and thereupon judgment was rendered for a return of the property to the defendant.  That judgment constitutes no bar to this action, because the case was not heard on its merits, but was dismissed for error in the form of the proceedings.  Nor does it form a valid objection, that the defendant had not in fact taken out any writ of return, or actually received the property into his custody under that judgment. The judgment for a return was ordered upon the motion to dismiss the writ, and the plaintiff yielded to it, and returned the property to the place from which he had taken the same under his defective proceedings.  This left the plaintiff's case as it was when he instituted his first action.  The order for return was no bar, as it was founded upon a dismissal of the action for errors in form.  The plaintiff's possession was no longer a lawful one under the first writ, and he thereupon properly instituted a new action, grounded upon the original illegal taking by the defendant.  This action may be therefore maintained.                    *Exceptions overruled.*