### Harry Lee v. Charles Laswell.

REPLEVIN—*when constructive possession in defendant sufficient to sustain action of.* Where an action of replevin is brought and dismissed with return of property taken ordered, a second action of replevin may be maintained against the same defendant, even though re-possession of the property involved had not actually been obtained by him.

Replevin. Appeal from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

HAMILTON & CATRON, for appellant.

STEVENS & STEVENS, for appellee.

MR. JUSTICE RAMSAY delivered the opinon of the court.

This was a suit in replevin instituted by appellee against appellant before a justice of the peace in Sangamon county to recover possession of a pony which appellee claimed to own. Such proceedings were had before the justice of the peace that an appeal was taken to the County Court of said county, where upon a trial had before the judge of that court without a jury the issues were found in favor of appellee and a judgment rendered thereon from which appellant has taken an appeal to this court.

It appears that three or four days before this suit was commenced appellee's father, William E. Laswell, brought suit in replevin in his own name against appellant before one Howlett, a justice of the peace of said county, to recover possession of the pony in dispute and that the writ in that cause was served by a constable who took the pony from appellant and turned it over to William E. Laswell, who left it in the possession of a Mr. Laswell with whom he was boarding.

On the day set for hearing before Howlett, justice

of the peace, the suit was dismissed for the reason that no affidavit had been made as required by law. Immediately after such suit had been dismissed said William E. Laswell directed the constable to turn the pony over to appellant and the constable told appellant to go and get the pony, which he at once started to do. Before appellant had, in fact, got possession of the pony, this suit was instituted by Charles Laswell which resulted as already stated.

Appellant first contends that as he had not yet obtained, or been put in actual possession of the pony prior to the time of the institution of the present suit by Charles Laswell, the suit was improperly brought and judgment should have been in his favor.

We hold that actual possession upon the part of appellant was not essential before the beginning of the present suit, but that a constructive possession by him was sufficient.

Cobbey in his work on Replevin (2nd Ed.), sec. 431, says that in replevin constructive possession is the same in law as actual possession. In Walbridge v. Shaw, 7 Cush. (Mass.), 560, it was held where an action of replevin was dismised for informality and judgment given for a return of the property and plaintiff directed return of the property, that he may afterward bring another action in replevin for the same property and against the same defendant, 'although no writ of *retorno* was issued, nor the property actually returned. The plaintiff was no longer in lawful possession under the first writ. In Teeple v. Dickey, 94 Ind. 124, it was held that where a replevin suit before a justice of the peace was dismissed for want of a sufficient bond and return ordered, that plaintiff, without restoring the property, could maintain a second suit as the property was constructively in the possession of the defendant.

In the case at bar the judgment of dismissal and the order of the plaintiff in the first suit to the constable to return the property to Lee, and the constable's di-

rection to him to take the property placed the parties in *statu quo,* leaving their legal rights to be ascertained the same as though the dismissed suit had never been commenced.

Appellant next contends that the preponderance of the evidence is to the effect that William E. Laswell was in fact the owner of the pony in question, but a careful review of the evidence does not sustain that contention. The trial court had ample support in the evidence for its finding in that respect.

The judgment was right and is affirmed.

*Affirmed.*