## FRED F. SMITH *vs.* CHARLES WEISS.

Third Judicial District, Bridgeport, April Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A finding made upon conflicting evidence will not be corrected on appeal.

It *seems* that upon the dismissal or abandonment of an action of replevin, the goods replevied pass immediately into the constructive possession of the defendant, and that the plaintiff may again replevy them without actual restoration of the property to the defendant.

Defendant claimed a lien upon the plaintiff's motortruck to secure a bill of $533.15 for repairs and storage. He subsequently agreed to accept $215 in settlement. Plaintiff paid $100, tendered $115 and demanded the return of the truck. *Held* that by reason of the compromise agreement followed by the payment and tender, the defendant ceased to have a lien upon the truck and the plaintiff could bring replevin to secure its possession.

Argued April 11th—decided July 27th, 1923.

ACTION of replevin for the possession of a motor-truck, brought to and tried by the District Court of Waterbury, *Peasley, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Charles W. Bauby,* for the appellant (defendant).

*Francis P. Guilfoile,* with whom, on the brief, was *Frank P. McEvoy,* for the appellee (plaintiff).

KEELER, J. This was an action of replevin to recover possession of an automobile, and the trial court favorably covering and sustaining all of the material allegations of the complaint, found facts substantially as follows:—

On April 21st, 1920, plaintiff was the owner of the three and one half ton Federal auto motor truck

replevied in this action, and on April 26th, 1920, the defendant, in the town of Naugatuck, took the motor-truck into his possession for the purpose of repairing the same. Sometime in June, 1920, the defendant notified one Squires, the agent of plaintiff, that the repairs on the truck were completed. Upon receiving notice Squires requested the defendant to return the truck to the storehouse of Squires and to render a bill for the repairs thereon, but for some time thereafter the defendant neither rendered any bill nor returned the truck, and later claimed to have a lien thereon for repairs and storage. The defendant and Squires were unable to agree upon the amount due from the plaintiff to the defendant. The amount charged by the defendant for storage was unreasonable and·exorbitant. On November 18th, 1920, at Naugatuck, the plaintiff, by his attorney, and the defendant, mutually entered into an oral agreement to compromise and settle the defendant's claims against the plaintiff in respect to the auto-truck, for the sum of $215, and the defendant accepted $100 in cash from the plaintiff's attorney on account of the composition settlement, and afterward on that day the plaintiff tendered to the defendant $115 by his attorney, but the defendant refused to receive the same. On December 13th, 1920, the plaintiff, by his attorney, again tendered to the defendant the balance of the sum agreed upon, to wit, $115, but the defendant refused to receive it.

The plaintiff has duly performed all the conditions of the composition settlement on his part, and has ever since remained and still is, ready and willing to pay to the defendant $115, but the defendant has hitherto refused to receive the same. On December 1920, and before the service of this writ and complaint, the plaintiff, by his attorney, demanded of the defendant the return of the auto-truck to the plaintiff.

The following conclusion was reached by the court: That the partial payment by the plaintiff to the defendant of the amount mutually agreed upon to be paid by the plaintiff and to be received by the defendant in satisfaction of his claims against the plaintiff, and the tender by the plaintiff to the defendant of the balance thereof and the refusal of the defendant to accept the same, dissolved the defendant's lien and gave the plaintiff the right to the possession of the property replevied.

The defendant in his appeal made thirteen assignments of error, but in his brief and upon argument relied only upon those hereinafter considered.

The defendant claimed that at the time of the replevy he was not in possession of the truck, but that the same had been previously replevied in an action abandoned by the plaintiff, and that the truck should have been returned to and put in possession of the defendant after the abandonment of the former action before it could have been replevied in the present action. In order to raise this point it was necessary to have the finding of the trial court corrected to include certain findings of fact asked for in the defendant's proposed draft-finding, but refused by the court. Defendant excepts to the refusal to find as requested, and all of the evidence in the case has been certified in the appeal. The precise fact which defendant asks to have included in the finding, as established by uncontradicted evidence, is that the truck was never returned to the possession of defendant, but was held by one Burns, a deputy-sheriff, who had taken same by virtue of the earlier writ of replevin. An examination of the evidence shows that upon this point it was conflicting, and that there was testimony that the truck was returned to the defendant before the service of the second writ. The correction was properly refused.

It has been held that where an action of replevin has been dismissed, the goods replevied pass immediately into the constructive possession of a defendant, and that plaintiff may replevy the same on a second writ without actual restoration of the property to the defendant. *Teeple* v. *Dickey,* 94 Ind. 124. To the same effect are *Walbridge* v. *Shaw,* 61 Mass. (7 Cush.) 560; *Cinfel* v. *Malena,* 67 Neb. 95, 93 N. W. 165; *Lee* v. *Laswell,* 137 Ill. App. 433.

The second point of the defendant is that he had a claim for repairs and for storage of the truck, amounting in the aggregate to $533.15, which gave him a lien thereon until his bill for the foregoing items had been paid in full, and that in his pleading he had made proper averments of his special property in the truck in conformity with the provisions of § 6101 of the General Statutes. It is true that his claims in this regard were properly pleaded, as appears in the record, but the contention that his lien was for the full amount of his claim is refuted by the fact found by the trial court, that he made a compromise agreement whereby he engaged to take $215 in full settlement of his claim. Of this amount, as found by the court, he was paid $100 in cash, and on the same day the agreement was made the remainder was tendered to him, and a subsequent tender was made about a month later, and also demand was made for the return of the truck to the plaintiff.

By reason of the compromise agreement and payment and tender, the defendant ceased to have any special property by way of lien upon the truck, and his continued possession after demand for return became unlawful, and plaintiff by reason of his general property became entitled to the possession of the truck, and could bring replevin to secure it.

The third point made by the defendant is that there

was no payment or tender of the full amount claimed by him for services and storage, and that evidence of a partial payment or tender upon a claimed composition settlement did not discharge defendant's lien. It is true that mere evidence would not have this effect, but when the court found the fact of a composition agreement, a partial payment thereunder and a tender of the remaining part of the amount agreed on in full settlement, then after demand for possession by plaintiff and refusal thereof by defendant, defendant's lien was terminated, his special property in the truck ceased, and his further detention of possession from the plaintiff became tortious.

There is no error.

In this opinion the other judges concurred.