Revere v. Revere.

· No. 24,909.

James Revere, *Appellee*, v. Lena Revere, *Appellant*.

SYLLABUS BY THE COURT.

1. Divorce and Alimony—*Custody of Minor Children—Evidence of General Reputation of Plaintiff—Not Error.* In this action for divorce where there were contradictory statements of the parties as to acts of personal violence and where the right to the custody of children was involved, the admission in evidence of the general reputation of one of the parties as being a peaceable and law-abiding citizen is held not to constitute reversible error.

2. Same—*Evidence Supports Decree for Plaintiff and Award of Alimony to Defendant.* The evidence examined and held to be sufficient to uphold the judgment of the court granting a divorce to plaintiff and in the award of alimony made.

Appeal from Morris district court; Cassius M. Clark, judge. Opinion filed March 8, 1924. Affirmed.

*W. H. Carpenter,* and *W. R. Carpenter,* both of Marion, for the appellant.
*Edwin Anderson,* of Council Grove, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: In this action James Revere was granted a divorce from Lena Revere, the custody of their two children was determined and an allowance made to the defendant as permanent alimony. The defendant appeals.

The grounds upon which the divorce was sought was neglect of duty and extreme cruelty. In defendant's answer and cross-petition she charged her husband with extreme cruelty, claiming that she was entitled to the divorce and she also asked that she be allowed permanent alimony.

She first insists that error was committed in the admission of evidence offered on the part of the plaintiff, that he sustained a good reputation as a peaceable and law-abiding citizen. After she had testified that he had kicked and beaten her and committed other acts of cruelty, the plaintiff upon rebuttal was permitted to show by two witnesses that they had known plaintiff for years, were acquainted with his reputation as to being a law-abiding citizen and that it was good. On the part of the plaintiff it is claimed that as he was charged with acts essentially criminal and that as the question of the custody of the minor children was involved and the

fitness of either parent to have such custody, the character and reputation of the plaintiff was an important element in determining his fitness to have the care and custody of children.

This is a point upon which the authorities are divided and it has been said that the weight of authority is that such evidence is not permissible in civil cases. (22 C. J. 472; Note in 49 L. R. A., n. s., 724.) However, this court has held in a case in which it was claimed that a deed of assignment was fraudulent and void, it was not error to receive evidence that the general character of the assignor for honesty and fair dealing was bad. (*Holmberg v. Dean,* 21 Kan. 73.) In another case where it was alleged that the defendant had been guilty of fraud and moral turpitude in certain dealings, he was permitted to offer evidence that his reputation and standing in the community for uprightness in business was good and it was held not to be reversible error, the court saying that the evidence only proved what the law would presume in the absence of evidence. (*Allison v. McClun,* 40 Kan. 525, 20 Pac. 125.) In *Colvin v. Wilson,* 100 Kan. 247, 164 Pac. 284, the defendant was charged with making an unlawful assault upon the plaintiff and it was held that ordinarily a party's reputation for truth and veracity could not be admitted to disprove the particular act charged. It was said, however, that if there were contradictory statements of the witnesses the admission of evidence of reputation should be left to the discretion of the trial court, and it was ruled that the admission of the evidence in question was not an abuse of discretion. See, also, *National Council, Knights and Ladies of Security, v. Owen,* 47 Okla. 464. Following these rulings it cannot be held that the admission of the challenged evidence is a good ground of reversal.

There is a contention that extreme cruelty was not established inasmuch as the plaintiff had not shown that he had been humiliated or physically or mentally distressed by her conduct towards him. Extreme cruelty of the most humiliating character was pleaded and evidence was introduced to show that defendant charged him with associating with lewd women, pulled his hair, threw cooking utensils at him, called him and people that were at the home, vile names, cursed them repeatedly and also that she acted indecently when others were present and that when she became angry she would scream for an hour at a time within the hearing of those in the neighborhood. While he did not put in express words the statement that her unseemly conduct had humili-

Revere v. Revere.

ated and mentally distressed him, he did allege and claim that her acts constituted extreme cruelty and taking the testimony that was given in his behalf her acts were of such a character that they necessarily constituted extreme cruelty toward him. It is to be noted that more than accusations of infidelity causing mental distress to the plaintiff were alleged. Acts of physical and personal violence were charged and evidence to sustain them produced. The objection to a lack of proof in this respect cannot be sustained. On the general contention that the judgment is without support it must be said that the evidence on behalf of plaintiff is amply sufficient. There was much conflicting evidence in the case and it must be assumed that the trial court gave credit where credit was due. It is also urged that the defendant was entitled to the divorce rather than the plaintiff. If her testimony was credited it would appear that he was in equal fault with her. While he denied many of the charges made against him he admitted cursing and slapping her and at one time threw a knife and fork at her, but he said that these things were done when he was aggravated and angered by her conduct and attacks upon him. Both parties asked for a divorce and the court after observing them and hearing the repelling and odious statements as to the conduct of the parties, concluded to award the divorce to him. Under the circumstances we cannot hold there was no ground for the discrimination.

Nor can we say that the court abused its discretion in the matter of alimony. She was awarded as alimony $20 per month as long as she lived or until a remarriage. She was given the care and custody of two minor children during the nine school months of each year and he was required to pay her $30 per month for their maintenance during this period and he was to maintain them the remainder of each year. He was required also to pay the costs of the case, except the witness fees of defendant, and to pay $200 to defendant's attorney. She was to retain the personal property then in her possession, the value of which is not shown. It appears that he had personal property of the approximate value of $2,800, and was indebted to others in the sum of $3,400. He owned a one-fourth interest in four hundred acres of land, his share of which was estimated to be of the value of $8,000. Upon the showing in the record we cannot say that the court abused its discretion in the award of alimony.

Judgment affirmed.