No. 29,454.

GRACE BEASLEY, *Appellant,* v. JAMES H. SALKELD et al., *Appellees.*

(289 Pac. 471.)

Opinion filed July 5, 1930.

*Thomas E. Joyce,* of Kansas City, and *H. D. Reeve,* of Mound City, for the appellant.

*Hubert Lardner* and *Daniel O. Lardner,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Grace Beasley brought an action in the nature of a creditor's bill against James H. Salkeld and Minnie Salkeld to set aside a conveyance of real estate and subject the property to a judgment debt rendered against James H. Salkeld in an action for

divorce, alimony and the custody and maintenance of children. A demurrer to plaintiff's petition was sustained and she has appealed.

It was alleged that plaintiff and James H. Salkeld were husband and wife, and that three children were born to them. In an action brought by plaintiff for divorce and alimony the court on March 26, 1925, awarded her alimony in the lump sum of $500 and gave her the custody of three minor children, who ranged in age from five to ten years. It was first adjudged that Salkeld should pay plaintiff in monthly payments of $30 for the support and education of the minor children. On July 27, 1925, the court afterwards modified the decree by reducing the monthly payments to $20, to begin on August 10, 1925. These payments have not been made by James H. Salkeld, and there is now due on the judgment the sum of $650, which he has neglected to pay. It is alleged that execution has been issued upon the judgment and returned unsatisfied. There is an allegation that Salkeld is insolvent and has no property upon which to levy execution. It is alleged further that on March 5, 1927, he owned several tracts of real estate, and on that day executed a deed conveying the real estate to defendant, Minnie B. Pollet, without consideration and for the purpose of defrauding plaintiff and other creditors. Further, it was alleged that when the conveyance was made he was contemplating a marriage with Minnie B. Pollet, which was consummated on December 7, 1927. The deed previously made to Minnie B. Pollet was not placed on record until March 14, 1927, and that neither plaintiff nor the children had any knowledge of the conveyance until February 26, 1929. J. H. Salkeld, it is stated, has continued in possession of the property since prior to the time of the rendition of the decree, and is still in the possession of the same.

In this action the court held that the allowance made in the divorce proceeding was not such a judgment as is enforceable in an action in the nature of a creditor's bill to set aside a conveyance of real estate. The court had the power in the divorce proceeding to make its judgment a lien on the real estate of Salkeld, but did not do so. It decreed that he should pay from month to month installments for the support of the children. The allowances made were not final, but were subject to change, and in fact were modified. In *Scott v. Scott*, 80 Kan. 489, 103 Pac. 1005, the decree rendered in a divorce action was to the effect that the husband should pay the wife a sum of money as alimony, which was in fact paid, and should also pay her $20 a month for the maintenance of two children, whose

custody had been awarded to her. After several years the husband ceased to make these payments and the wife caused execution to be levied on the land, which he had conveyed to a brother. A sale on execution was made, and an action was then brought to determine the validity of the execution sale and the right to subject the land to the payment of the allowances decreed. On a review of the judgment, this court, after stating that ordinarily judgments of courts of records are liens on real estate, called attention to the code provisions relating to judgments in actions of divorce (Civ. Code, § 646), giving the court power to create a lien for the benefit of the wife, and that where a lien is not intended or decreed the judgment does not operate as a lien and is not enforceable on execution, and further that the remedy in such a case is by a proceeding in contempt. The court said:

"Probably by the use of language indicating such purpose it may give its decree awarding a fixed sum as alimony the precise effect of an ordinary money judgment, collectable by execution and operating as a lien on the husband's real estate. But the question of present moment is, What was the intention of the court in this case? Where alimony is ordered to be paid in installments, and nothing is said as to the manner of its collection, we think the fair inference is that the court intends the order to be enforced, not by lien and execution—a remedy manifestly ill adapted to the purpose—but by attachment for contempt if payment is not made—a remedy always available (14 Cyc. 799) and ordinarily efficacious." (p. 491.)

The rule of the Scott case was approved in *McGill v. McGill*, 101 Kan. 324, 166 Pac. 501, where it was held that the decree for the payment of alimony in monthly installments was not enforceable as a lien upon land of the defendant. The same view was taken in *Fey v. Johns*, 112 Kan. 385, 210 Pac. 1107. See, also, *In re Peters*, 124 Kan. 455, 260 Pac. 975; *Dague v. Dague*, 126 Kan. 405, 267 Pac. 988.

Plaintiff has a remedy through proceedings in contempt, which, as has been said, "is always available and ordinarily efficacious," but under the authorities cited she is not entitled to the remedy sought.

The judgment is affirmed.