No. 29,960.

JAMES REVERE, *Appellee,* v. LENA REVERE, *Appellant.*

(299 Pac. 595.)

 Opinion filed
June 6, 1931. 

*Owen S. Samuel* and *Vernon J. Veron,* both of Emporia, for the appellant.
*Harry E. Snyder,* of Council Grove, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is the belated aftermath of a divorce case which was decided by the district court of Morris county on December 11, 1922, and affirmed in this court on March 8, 1924. (*Revere v. Revere,* 115 Kan. 575, 223 Pac. 1103.)

By one of the terms of that judgment plaintiff was required to pay to defendant—

"As permanent alimony the sum of $20 per month as long as she lives or until her remarriage."

In August, 1930, plaintiff filed a motion in the district court asking to be relieved of that burden on the ground that it was wholly void for the reason that the court had no jurisdiction to render it.

Defendant countered with a motion to dismiss on various grounds —that no appeal had been taken from that particular feature of the judgment and that it was therefore final and conclusive; that plaintiff had ratified the judgment by paying the required sums of $20 per month for several years; that the matter was *res judicata* and that the court was without jurisdiction to hear and determine plaintiff's motion or to modify the judgment awarding permanent alimony to defendant. Defendant followed this motion with another in which she asked the court to fix a lump-sum judgment of permanent alimony in lieu of the judgment of 1922 which had awarded to her alimony in monthly payments for life or until her remarriage.

The trial court sustained plaintiff's motion and canceled the monthly award of alimony, and overruled and denied both motions filed by defendant.

She appeals, invoking familiar rules of law to the effect that judgments which have become final cannot be disturbed by subsequent proceedings. These rules, however, do not apply to judgments which a court had no power to make, and it has been repeatedly held in well-considered and stoutly contested cases that a district court has

no power to make an award of permanent alimony in an indefinite amount to be payable in periodical installments.

In *Conway v. Conway*, 130 Kan. 848, 288 Pac. 566, which was an action for a divorce and for alimony, the district court granted a divorce to plaintiff and an award of alimony of $200 per month, payable monthly until her death or remarriage. This court held that such allowance of alimony was void, and that the district court was authorized to strike it from the judgment on motion of defendant made after the time to appeal had expired.

In *Noonan v. Noonan*, 127 Kan. 287, 273 Pac. 409, it was said:

"The matter is covered by the statute which provides that where permanent alimony is allowed it must be decreed in a specified sum of money. It may be made payable in gross or installments, but the sum itself must be fixed. (R. S. 60-1511.)" (p. 289.)

See, also, *Hardcastle v. Hardcastle*, 131 Kan. 627, 293 Pac. 391.

And since the award of an indefinite amount of alimony was void, plaintiff's motion to be relieved of it was fully warranted by the civil code, R. S. 60-3009, which provides:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

On the other hand, the district court had no authority, in 1930, to fix a definite lump-sum award of alimony in lieu of its void award of 1922. The district court had no jurisdiction of the action of 1922 for any purpose except to vacate the void award. Indeed, a void judgment binds nobody; the party who nominally rests under it is not even compelled to invoke the code remedy prescribed in R. S. 60-3009 to get rid of it. He may simply ignore it and await some maneuver of his adversary to enforce it, at which time he may raise the defense that it is a nullity. It is only his convenience, not his necessity, which prompts one in plaintiff's situation to invoke the relief available under R. S. 60-3009. (1 Freeman on Judgments, 5th ed., §§ 226, 282, 322.)

Appellant suggests that some different rule should apply to a judgment which has been subjected to appellate review, as in the case between these litigants. Whether affirmed or reversed on appeal any judgment which eventually has to be enforced, if valid, is that of the district court, although it may be one which that court has been directed to render by mandate of the supreme court.

In this case, when it was here on appeal (115 Kan. 575, 577) the allowance of alimony was complained of and subjected to appellate

review, but the point was not then raised that the trial court had no jurisdiction to make an award of alimony in an indefinite amount payable in monthly installments of $20 until the death or remarriage of the appellant. In *Wilson v. Montgomery*, 22 Miss. 205, it was held:

"The affirmance of a void judgment, upon grounds not touching but overlooking its invalidity, does not make it valid."

To the same effect were *Jones v. Pharis*, 59 Mo. App. 254, and *Chambers v. Hodges*, 23 Tex. 104.

The other objections to the disposition of these belated proceedings in the trial court have been carefully considered, but no error can be discerned therein.

The judgment is affirmed.