No. 35,851

HAZEL JOHNSON TRUNKEY, *Appellant*, v. EARLE R. JOHNSON, RUBY V. JOHNSON and T: L. JOHNSON, *Appellees*.

(137 P. 2d 186)

Opinion filed May 8, 1943.

*N. J. Ward,* of Belleville, was on the briefs for the appellant.

*W. D. Vance* and *Fred Emery,* both of Belleville, were on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This action was a sequel to *Trunkey v. Johnson,* 154 Kan. 725, 121 P. 2d 427. Facts pertinent here, disclosed by the record, may be stated as follows: On December 1, 1936, plaintiff, then the wife of Earle R. Johnson, in the superior court of Chelan county, Washington, was granted a decree of divorce from him, given the custody of their minor child, and defendant was decreed to pay $15 a month for the maintenance of the child. On May 12, 1941, plaintiff filed a suit in the district court of Republic county alleging that $465 of the payments was past due and unpaid, asked for judgment for that sum, with interest and costs, and attached certain real property in that county as the property of the defendant, and further claimed that the property should be held under the attachment for future payments to become due. An amended and supplemental petition was filed in which the sum claimed to be due was sought to be recovered in one cause of action and sums later to accrue in another cause of action, as more particularly set out in our former opinion. No defense was made to the first cause of action, and on July 24, 1941, the court rendered judgment for plaintiff against the defendant on the first cause of action in the sum of $535.58, with interest from that date and costs, confirmed the attachment, adjudged the sum found due to be a valid lien on the attached property, decreed that the lien be foreclosed, and that an order of sale issue and the attached property be sold for the satisfaction of the judgment and costs. At the same time the trial court sustained defendant's demurrer to the cause of action seeking to hold the property for future payments. Plaintiff appealed to this court and the judgment was affirmed.

Soon after our mandate went down plaintiff filed this action against the same defendant, Earle R. Johnson, his present wife, Ruby V. Johnson, and T. L. Johnson, all of whom are alleged to be residents of California. The petition was in two causes of action. The first set up the judgment rendered July 24, 1941, alleged that Earle R. Johnson, before the attachment was levied, had conveyed

the real property to Ruby V. Johnson, and that on June 23, 1941, Ruby V. Johnson had conveyed the real property to T. L. Johnson; that both conveyances were made without consideration and for the purpose of defrauding creditors, particularly this plaintiff. The purpose of this cause of action was to set aside those deeds and to order the real estate sold and for the payment of the judgment rendered on July 24, 1941.

In the second cause of action plaintiff made the allegations of the first cause of action as part of it and alleged that since the judgment was rendered on July 24, 1941, the further sum of $135, covering unpaid monthly installments of child support, had accrued, and plaintiff sought to hold the attached real estate for such subsequently accrued unpaid installments.

A few days after the action was brought T. L. Johnson paid into court the full amount of the judgment rendered July 24, 1941, with interest and costs, which had been adjudged a lien upon the attached property, the title of which was held by him. The payment was accepted by the plaintiff. This was set up in an answer and admitted by the plaintiff in her reply. On November 18, 1942, the court sustained defendants' motion for judgment in their favor upon the first cause of action.

Defendants demurred to the second cause of action, which demurrer was sustained by the court, and plaintiff appealed.

We turn now to the legal questions involved. When T. L. Johnson acquired title to the attached real property he necessarily took title subject to the outcome of that action. (G. S. 1935, 60-2601.) When it was finally determined by the judgment of this court that the real property conveyed to him was held under the attachment only for the amount of the judgment rendered July 24, 1941, and that it was not held for future installments of child support, he paid that judgment in full. The effect of this payment was to release the lien of the attachment on the real property.

When this action was brought plaintiff already had in the same court a judgment against Earle R. Johnson for $535.58, with interest and costs, an attachment of all his right, title and interest in and to the real property, and a decree confirming the attachment and ordering the real property to be sold for the payment of the judgment, and T. L. Johnson's interest in the real property, acquired while that action was pending, was bound by the judgment irrespective of the consideration he paid for the property or the motive

which prompted his acquisition of it. Hence, it would seem there was little if any reason for bringing the first cause of action into this suit. However, we shall not predicate our ruling upon that view, for it seems clear to us that when T. L. Johnson paid in full the judgment in the first action the attachment was dissolved and had no further force.

In the case before us the second cause of action is an attempt to hold the same property under the original attachment for the monthly payments for child support due from Earle R. Johnson subsequent to the judgment in the first action. When the case was here before it was specifically determined the property could not be held for such payments. There has been no new judgment for unpaid installments claimed to be owed by Earle R. Johnson for child support, and no such judgment is sought in the second cause of action in this case. Neither has there been any new attachment on any property. Indeed, the property previously attached would not be subject to reattachment for that purpose. The result is that the second cause of action in this case is another effort to recover what was adjudged in the former case that plaintiff cannot recover.

In this state, and it is not shown to be otherwise in Washington, a decree of a court in a divorce case giving the custody of minor children of the parties to the wife and requiring the husband to pay a definite sum at stated intervals into court for the support of the children, does not make the sums to be paid a lien upon any property of the husband. The obligation to pay is personal. The usual way of enforcing payment is by attachment of the person of the husband. The husband is at liberty to manage, sell, or otherwise dispose of his property as he deems best, and the wife cannot maintain an action in the nature of a creditor's bill to set aside a conveyance alleged to have been fraudulently made. (*Beasley v. Salkeld,* 131 Kan. 211, 289 Pac. 471.)

We think nothing more need be said. The briefs of counsel have taken a wide range, discussed various theories, and cited many authorities. All of which have been carefully considered.

The judgment of the court below is affirmed.