GEORGE MEYERS ET AL. *v.* C. I. T. CORPORATION ET AL.

MALTBIE, C. J., BROWN, JENNINGS and ELLS, Js.[1]

Argued June 11—decided July 12, 1945.

*Joseph B. Morse* and *Nelson Harris,* for the appellants (plaintiffs).

*Maxwell H. Goldstein,* for the appellees (defendants).

BROWN, J.   In this action against the defendants as principal and surety, respectively, on a replevin bond, the court rendered judgment for the defendants to

---

[1] By agreement of counsel the case was argued before and decided by four judges.

recover their costs, and the plaintiffs have appealed. The court's finding, which is not subject to material correction, may be thus summarized: On September 1, 1938, Alphonso Criscuolo owed the C. I. T. Corporation, hereinafter referred to as the defendant, a combined balance of $1409.05 upon the purchase price of two automobiles, evidenced by notes secured by contracts of conditional sale of which it was the assignee for value. On September 6, 1938, an action was instituted in the Superior Court in New Haven County, to recover for goods sold, in which the present plaintiff Meyers was a plaintiff and Criscuolo a defendant. In that action one of the present plaintiffs, O'Brien, as a deputy sheriff, under a writ of attachment, took possession of these two automobiles, which then had a value of $1150. The present defendant, as owner under the conditional bills of sale, made demand upon O'Brien for the surrender of the automobiles. O'Brien and Meyers refused to surrender the automobiles or to pay the amounts claimed due thereon. The present defendant on September 21, 1938, instituted a replevin action against them for the two cars, returnable to the Superior Court in New Haven County. The replevin bond which is the basis of this action was executed, in connection with that replevy, by the named defendant as principal and by the defendant National Surety Corporation as surety.

The replevin action was tried to the court on October 15, 1941, and on December 2, 1941, judgment for the possession of the automobiles and for costs was rendered in favor of Meyers and O'Brien. On December 28, 1942, this judgment was affirmed by this court. *C. I. T. Corporation* v. *Meyers*, 129 Conn. 514, 29 Atl. (2d) 758. The costs were paid, but neither automobile was returned. On November 14, 1941, Meyers and Criscuolo had entered into a written agreement termi-

nating the attachment suit and mutually releasing each other from all claims. By it, Criscuolo also assigned all of his interest in the automobiles to Meyers, including any sum incident thereto which might be recovered by Meyers in the pending replevin action. On June 5, 1942, the *Meyers* v. *Criscuolo* suit in which the attachment was made was stricken from the Superior Court docket. Prior to its decision of the replevin action, the Superior Court was not informed of the settlement between Meyers and Criscuolo, the Supreme Court was never informed either of this or of the striking from the docket of the attachment action, and the present defendant first learned of the settlement during the trial of the instant action. This was brought on August 1, 1942, and was tried to the court on May 10, 1944.

These in substance were the court's material conclusions: (1) This action was brought to recover judgment upon a replevin bond; (2) the plaintiff Meyers was an obligee in the bond because of his attachment lien upon the two automobiles; (3) he extinguished this lien by his agreement of settlement with Criscuolo, and any right under the lien was further precluded by the judgment striking his case against Criscuolo from the docket; (4) possession of the automobiles under the judgment in the replevin action was awarded to him only as an attaching creditor; (5) from and after November 14, 1941, which was prior to the original decision in the replevin action, his interest in the automobiles was solely as assignee of Criscuolo; (6) the judgment in the replevin action did not invalidate the conditional bills of sale against either the conditional vendee Criscuolo or his assignee Meyers; (7) Meyers, having extinguished his lien and abandoned his attachment, is no longer an attaching creditor, as such has

no further rights as obligee in the replevin bond, and cannot recover judgment thereon.

The nature of the obligation incurred by the defendants by the execution of this replevin bond is clear under the decisions of this court. As was stated in *Hannon* v. *O'Dell,* 71 Conn. 698, 707, 43 Atl. 147, "The bond was a mere substitute for the interest attached. It was given 'to place the attaching creditor in as good a condition as he would have been, if his officer had continued in possession of the property. It is a security substituted for that which is taken away by the replevin.'" *Green* v. *Barker,* 14 Conn. 431, 434; see also *Walko* v. *Walko,* 64 Conn. 74, 77, 29 Atl. 243. Accordingly, the extent of the obligor's liability upon the bond is limited by the nature and consequent value of the obligee's interest in the property replevied where, as here, damages for failure to return the property attached is the element of damage claimed. *Fielding* v. *Silverstein,* 70 Conn. 605, 609, 40 Atl. 454. This was a vital issue under the pleadings upon the trial of this case.

By virtue of the attachment of the automobile in the action against Criscuolo, the present plaintiffs acquired a quasi lien thereon of a limited nature which could constitute at the most no more than an inchoate property interest. Property so attached and "in the custody of the law is considered as security for the satisfaction of the plaintiff's judgment, should he obtain one. *Morgan* v. *New York National B. & L. Asso.,* 73 Conn. 151, 152, 46 Atl. 877." *Coit* v. *Sistare,* 85 Conn. 573, 578, 84 Atl. 119. "The plaintiff's officer holds the property by virtue of the attachment, for no purpose, but to apply it upon the execution, in payment of the judgment which may be recovered, and the costs arising on the levy of the execution." *Green* v. *Barker,* supra. As this was the extent of the plaintiffs' interest

in the cars attached, it was terminable by anything which was sufficient to put an end to the interest created by the attachment. There can be no doubt that Meyers' agreement of settlement with Criscuolo, terminating as it did the latter's indebtedness to the former, had this effect. *Felker* v. *Emerson,* 17 Vt. 101, 104; see *Trunkey* v. *Johnson,* 156 Kan. 804, 137 Pac. (2d) 186; *Smith* v. *Weiss,* 99 Conn. 262, 265, 121 Atl. 823. This aside, the same holds true of the judgment striking the case against Criscuolo from the docket. This constituted "a final judgment terminating the rights of the parties to proceed with the action." *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 Atl. 407. From what we have said, it follows that the court's second, third, fourth, fifth and seventh conclusions, as stated above, are warranted upon the facts found. The sixth is also correct, as appears from our opinion in *C. I. T. Corporation* v. *Meyers,* supra, 517, which simply holds that, because the conditional sales contracts failed to comply with § 4697 of the General Statutes, the sales to Criscuolo were absolute in so far as the attachment made by Meyers and O'Brien was concerned.

Even if it be assumed that the scope of the cause of action alleged in the complaint was not restricted to one for liability arising from the defendants' undertaking set forth in the replevin bond as held by the court, but that it also comprehended damages for the taking of the cars by the replevin process, constituting a wrongful act per se, as contended by the plaintiffs, the result must be the same and the defendants are entitled to judgment. This is so because, as already explained, the plaintiffs' only interest in the cars was that created by and realizable under the attachment. Accordingly, the termination, either by the agreement of settlement with Criscuolo or by the judgment strik-

ing the case from the docket, of the cause of action which was the sole basis of the attachment automatically put an end to any possible claim for damages for taking the cars out of the plaintiffs' possession.

There is no error.

In this opinion the other judges concurred.