**UNITED AIRCRAFT CORPORATION**
v.
**EDGERTON & SONS, INC., et al.**
v.
**UNITED STATES of America.**
Civ. No. 3470.

United States District Court
D. Connecticut.
July 18, 1962.

Wiggin & Dana, by Frank Callahan, New Haven, Conn., for plaintiff.

Irving H. Perlmutter, Asst. U. S. Atty., Hartford, Conn., for defendant United States.

BLUMENFELD, District Judge.

The United States has brought a motion to determine the priority of liens upon certain funds now on deposit in the Registry of the Court.

On October 22, 1951, the United Aircraft Corporation commenced an action in this court against John and Helen Polydys and others to recover damages for losses alleged to have been caused by their fraud. In connection with that action, an attachment was made the same day on property. in Bridgeport, Connecticut, owned by the Polydyses under the provisions of Rule 64, F.R.Civ. P. 28 U.S.C.A., which permits attachments at the commencement of a federal suit to the same extent and in the same manner as they are permitted by the law of the state in the district where the federal court is located. The funds in question are the proceeds of a foreclosure sale of that property held pursuant to an order of this court.

Subsequent to the attachment by the plaintiff, the United States, an intervenor in this action, made jeopardy assessments for unpaid income taxes of the Polydyses for the years 1948 and 1949. These assessments were made on December 26, 1951 and notice of federal tax liens against the property in question was filed with the Town Clerk of Bridgeport on December 28, 1951. The single question for determination is whether the government's lien, though subsequent in time, is superior to the lien arising pursuant to the attachment pending the outcome of the litigation between United Aircraft Corporation and the defendants.

The effect as well as the validity of the attachment is governed by the law of Connecticut. Glaser v. North American Uranium & Oil Corp., 2 Cir., 1955, 222 F.2d 552; Bernstein v. Van Heyghen Freres Societe Anonyme, 2 Cir., 1947, 163 F.2d 246, cert. den. 332 U.S. 772, 68 S.Ct. 88, 92 L.Ed. 357. Under that law, the attachment created merely a quasi lien of a limited nature which constituted "at the most no more than an inchoate property interest." Meyers v. C. I. T. Corp., 132 Conn. 284, 287, 43 A.2d 742 (1945). The state court's determination that the lien obtained by the attachment is inchoate is "practically conclusive" upon the federal courts. People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 371, 67 S.Ct. 340, 91 L.Ed. 348 (1946). The limited interest obtained by the attachment brings this case squarely within the ambit of United States v. Security Trust & Savings Bank, 340 U.S. 47, 49, 50, 71 S.Ct. 111, 95 L.Ed. 53 (1950), which held that a prior inchoate lien is inferior to a subsequent choate federal tax lien. United States v. City of New Britain, 347 U.S. 81, 85–87, 74 S.Ct. 367, 98 L. Ed. 520 (1954) leaves no doubt that the tax lien of the United States is superior to the inchoate attachment lien of the United Aircraft Corporation notwithstanding the fact that it was filed later in time.

The lien of the United States against the funds on deposit in the Registry of the Court takes priority over the lien of United Aircraft Corporation.

So ordered.