The dispute herein is between two competing claimants, to wit, Dorothy B. Hulbert and the United States of America, relative to the remaining proceeds of a foreclosure by sale of a second mortgage.
Investors Capital Corporation commenced the present foreclosure action against the defendants Albert W. and Ruth F. Schmidt, based on a second mortgage on premises in Danbury, Connecticut. The *Page 446 
sale price was $43,032.50. By virtue of prior orders of this court, all sums received on the sale have been disbursed except for $2,086.84, now being held by the clerk.
Mrs. Hulbert's claim to the remaining proceeds arises from her attachment against the Schmidts, recorded against the premises on January 18, 1968. She thereafter obtained a judgment against the Schmidts on October 30, 1970. On December 10, 1970, and within four months of rendition of the judgment, a judgment lien was recorded by Mrs. Hulbert in the Danbury land records against the Schmidt premises. The judgment debt was $10,795.96, of which $9,795.96 remains unpaid.
The United States filed a "Notice of Federal Tax Lien" against the Schmidts in the Danbury land records on December 1, 1969. The notice referred to an assessment date of May 16, 1969, and was based on unpaid income taxes. The sum claimed due under the lien was $2,589.72. Filing of such a lien against real property in Connecticut is authorized by § 49-32a of the General Statutes.
Thus, the attachment and judgment lien filed by Mrs. Hulbert "straddle" the United States tax lien.
The federal tax lien must prevail over the Hulbert claim, as to the remaining proceeds of the sale, for the reasons indicated hereinbelow.
 II
It is settled law, in connection with the priority status of two competing liens, that where one arises under state law and the other constitutes a federal tax lien, a federal question is presented. UnitedStates v. Security Trust Savings Bank, 340 U.S. 47,49. In Aquilino v. United States, 363 U.S. 509,514, the court said: "[W]e enter the province of *Page 447 
federal law, which we have consistently held determines the priority of competing liens asserted against the taxpayer's `property' or `rights to property.'"
Hence, to the extent that there may be conflict between the Connecticut statutes or case law and the applicable federal rule, in the instant situation, the federal authorities must control.
 III
The federal tax lien is authorized by Internal Revenue Code of 1954, § 6321. The lien arises on the date on which the assessment is made. Id. § 6322. However, as to certain creditors, including "judgment lien creditors," the lien is not perfected or valid until duly filed with the proper state office. Id. § 6323(a). Accordingly, the validity of the federal lien herein can date only from December 1, 1969, when it was filed in the Danbury land records.
The Hulbert attachment, when made on January 18, 1968, was an "inchoate" lien. Phrased another way, it was a mere quasi lien, of a limited nature, which constituted, at the most, no more than an inchoate and contingent property interest. Meyers v.C. I. T. Corporation, 132 Conn. 284, 287. Thus, since the Connecticut courts have described the lien as inchoate, this classification is "practically conclusive."Illinois ex rel. Gordon v. Campbell, 329 U.S. 362,371.
While the identity of the lienor and the property attached was clearly apparent under the Hulbert attachment, the amount payable was not yet liquidated and had to await the contingency of entry of final judgment. Therefore, the Hulbert attachment was not "choate," under federal standards, as of the date the federal tax lien was filed. United States
v. Pioneer American Ins. Co., 374 U.S. 84, 89. However, *Page 448 
the federal lien was a choate and perfected lien as of December 1, 1969, pursuant to Internal Revenue Code of 1954, § 6323(a).
The 1968 Hulbert attachment, hence, must be deemed subordinate to the 1969 federal tax lien, under the "choateness" doctrine. United States v.Acri, 348 U.S. 211, 213; Plumb, "Federal Liens and Priorities," 77 Yale L.J. 228, 230; 5 Rabkin Johnson, Federal Income, Gift and Estate Taxation § 73.06B (2) (1972).
In United Aircraft Corporation v. Edgerton Sons, Inc., 208 F. Sup. 238, 239 (D. Conn. 1962), the court stated: "[A] prior inchoate lien is inferior to a subsequent choate federal tax lien." To the same effect, see United States v. Bailey, 137 F. Sup. 578,579 (D. Conn. 1955).
 IV
Mrs. Hulbert's principal contention is that, even assuming that her attachment was inchoate as of the date of its filing, it thereafter became choate by virtue of the filing of her judgment lien under § 49-44 of the General Statutes and its relation back to the date of the original attachment.
Section 49-44 provides, in part, that if the judgment lien is filed within four months of the date of rendition of the judgment, it shall "hold" from, or relate back to, the date of the original attachment.
The research of counsel and the court's own investigation have not disclosed any Connecticut authority, directly in point, involving the applicability of the relation back argument to the status of a federal tax lien.
In the leading case of United States v. SecurityTrust Savings Bank, 340 U.S. 47, 50, the identical assertion was pressed by an attaching creditor, *Page 449 
under California law, seeking to achieve a priority over several federal tax liens. The Supreme Court, in rejecting this argument, stated: "Nor can the doctrine of relation back — which by process of judicial reasoning merges the attachment lien in the judgment and relates the judgment lien back to the date of attachment — operate to destroy the realities of the situation. When the tax liens of the United States were recorded . . . [the attaching creditor] did not have a judgment lien. He had a mere `caveat
of a more perfect lien to come.' New York v. MacLay,288 U.S. 290, 294." In accord is YoungstownSheet Tube Co. v. Patterson-Emerson-Comstockof Indiana, 227 F. Sup. 208, 214 (N.D. Ind. 1963).
The court concludes that the Security Trust case, supra, is controlling as to this phase of the problem. While the relation back doctrine may be successful in determining the priorities between certain private lien claimants, it cannot defeat the federal tax priority, under the facts of the instant case.
 It is found that the United States tax lien takes priority over Mrs. Hulbert's claim, whether based on the attachment, the judgment lien, or both. Mrs. Hulbert's motion, seeking payment of the balance of the proceeds to her, is denied.
The clerk of this court is therefore ordered to disburse, from funds now held by the clerk, the entire remaining sum of $2,086.84, to the United States of America, for application to the federal tax lien filed against Mr. and Mrs. Schmidt.