THE CONNECTICUT BANK AND TRUST CO.
*v.* YOLANDA RUSSO ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 0288432s
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 21, 1984

*Schatz, Schatz, Ribicoff & Kotkin,* for the plaintiff.

*Gersten & Gersten,* for the named defendant et al.

*Harold F. Keith,* for the defendant Chester C. Zocco.

*Heneghan, Pikor & Hebb,* for the defendant town of Rocky Hill.

*Byrne, Slater, Sandler & Levine,* for the defendant Cominvest of Hartford, Inc.

*Jack Gorman,* for the defendant committee.

*Howard L. Schiff,* for the defendant Savitt, Inc.

*Glass, Lebovitz & Dubois,* for the defendant Rizzo Pool Co.

*John B. Hughes,* assistant United States attorney, for the defendant United States.

*McEleney & McGrail,* for the defendant New York Meat Products, Inc.

SATTER, J. This case involves resolving competing claims to the remaining proceeds of a mortgage foreclosure by sale. The supplemental judgment, *N. O'Neill, J.,* approved a sales price of $103,000, sales expenses of $4209.74, and payment to the plaintiff on its mortgages of $68,433.76, leaving a balance of $30,356.50 subject to further order of the court.

Liens of the defendant seeking to be paid from the $30,356.50 are listed as follows, in chronological order: (1) Rizzo Pool Co., attachment dated and recorded August 8, 1979; (2) Chester Zocco, third mortgage, dated October 31, 1980, recorded July 9, 1981, $21,575, including interest on recorded mortgage to June 24, 1984; (3) town of Rocky Hill, lien for support, dated and recorded October 7, 1981, $2725.73; (4) Cominvest of Hartford, Inc., attachment, recorded November 6, 1981; (5) New York Meat Products, Inc., attachment, recorded November 30, 1981; (6) Internal Revenue Service, tax lien, dated and recorded February 24, 1982, $1757; (7) New York Meat Products, Inc., judgment lien, recorded March 24, 1982, $5414.38; (8) Internal Revenue Service, tax lien, dated and recorded June 14, 1982, $5147.90; (9) Internal Revenue Service, tax lien, dated and recorded June 28, 1982, $11,523.88; (10) Cominvest of Hartford, Inc., judgment lien, recorded July 12, 1982, $83,020.51; (11) Internal Revenue Service, tax lien, dated October 27, 1982, recorded Novem-

ber 9, 1982, $1503.05; (12) Savitt, Inc., judgment lien, dated January 14, 1983, recorded January 17, 1983, $2500; (13) Rizzo Pool Co., judgment lien, recorded June 22, 1983, $5400.

The following principles of law apply. Federal lien law supersedes state lien law. *United States* v. *New Britain,* 347 U.S. 81, 74 S. Ct. 367, 98 L. Ed. 520 (1954). Federal statute, 26 U.S.C. § 6323, provides prior recorded mortgages and state judgment liens have priority over subsequently recorded federal liens. General Statutes (Rev. to 1983) § 49-44 provides that the priority of a state judgment lien relates back to and is determined by the date of the attachment. Under federal law, the state "relation back" doctrine does not apply in determining priority of federal liens. *United Aircraft Corporation* v. *Edgerton & Sons, Inc.,* 208 F. Sup. 238 (D. Conn. 1962); *Investors Capital Corporation* v. *Schmidt,* 29 Conn. Sup. 444, 291 A.2d 248 (1972). Under federal law a federal lien, recorded after a litigant's attachment but before that litigant's judgment lien, takes precedence over the attachment. *State* v. *Bucchieri,* 176 Conn. 339, 343, 407 A.2d 990 (1978); *United Aircraft Corporation* v. *Edgerton & Sons, Inc.,* supra.

Up to this point the law is clear. Difficulties arise when there are several state and federal liens on the same property and priorities must be determined by applying both federal and state law. A particularly vexing problem is created when federal law establishes the priority of state mortgages and judgment liens over federal liens, but state law establishes the priority of attachments (when perfected by subsequent judgments) over the same mortgages and judgment liens. In order to resolve that problem, this court, as suggested in the commentaries adopts the following principle: the dollar amount of all state liens having priority, according to federal law over a federal lien should be aggregated

and placed in a "fund." That amount is then distributed among state liens according to priority established by state law. The federal lien is paid next.

Such a method gives a federal lien the priority to which it is entitled under federal law and the state liens the priority, the the aggregate amount coming ahead of the federal lien, to which each state lien is entitled under state law.

Applying the aforesaid principles to the present case, the Internal Revenue Service tax lien for $1757 must subordinate, according to federal law, to the Zocco mortgage for $21,575. That $21,575, coming ahead of the federal lien, is the amount in the "fund" distributable to state liens according to state law. The Rizzo Pool judgment for $5400 relates back to the Rizzo Pool attachment and takes precedence, under state law, over the Zocco mortgage. Thus the $21,575 must be distributed, first to Rizzo Pool for $5400 and second to Zocco for $16,175.

When the IRS tax lien of $1757 is paid, the original sum of $30,356.50, available for distribution, is reduced to $7024.50.

The next Internal Revenue Service tax lien must subordinate, according to federal law, to the New York Meat Products, Inc., judgment of $5414.38. That is the amount of the "fund." The temptation to subordinate the second Internal Revenue Service lien to the unpaid balance of the Zocco mortgage must be resisted, because the full amount of that mortgage has already been given priority over the first Internal Revenue Service lien. That original balance of $5400 is the amount of the Rizzo Pool attachment, perfected by the subsequent Rizzo Pool judgment. Under federal law that attachment has no precedence over a federal lien.

Under state law, however, the Zocco mortgage has priority over the town of Rocky Hill lien and the New

York Meat Products, Inc., attachment. Therefore, its unpaid balance of $5400 will next be paid and the remainder of the "fund," $14.38, will go to Rocky Hill.

The remainder of the $7024.50, i.e. the sum of $1610.12, goes to the Internal Revenue Service, as partial payment of its lien.

Although the amount of the New York Meat Products, Inc., judgment fixed the amount of the "fund," New York Meat Products, Inc., receives nothing. It has little to complain of, however, because liens prior to it according to state law (e.g. the Cominvest judgment of $83,020.51 relates back to Cominvest attachment) would have exhausted the original fund available for distribution.

Thus to recapitulate, the $30,356.50 shall be distributed among the defendants in the following order of priority: (1) Rizzo Pool, $5400; (2) Zocco mortgage, $16,175; (3) Internal Revenue Service tax lien, $1757; (4) Zocco mortgage, $5400; (5) Town of Rocky Hill, $14.38; (6) Internal Revenue Service, $1610.12.